IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WENDY SKINNER, )
)
    Plaintiff, )
)
v. )   Case No. 2:17-cv-00115-TMP
)
COLONIAL CLAIMS, LLC, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the court on the defendant's motion for judgment on the pleadings filed on October 12, 2017. (Doc. 54). The defendant, Colonial Claims Corporation ("Colonial"),[1] seeks to dismiss Counts III and IV of the plaintiff's Amended Complaint. (Doc. 54, p. 1). The motion has been fully briefed, and the parties have consented to dispositive jurisdiction by a United States Magistrate Judge in accordance with 28 U.S.C § 636(c).

---

[1]     It is unclear to the court whether Colonial is a corporation or a limited liability company. In the plaintiff's complaint, Colonial is identified as a limited liability company. (Doc. 25, ¶ 3). In its answer, Colonial identifies itself as both a corporation (doc. 31, p. 1) and as a limited liability company (doc. 31, p. 23). However, in motions and other papers, Colonial consistently identifies itself as a corporation (see, e.g., doc. 54-1, pp. 1, 15). Furthermore, the plaintiff identifies Colonial as a corporation in her response to the motion for judgment on the pleadings. (Doc. 61, p. 1).

## I. STANDARD FOR ASSESSING A MOTION FOR JUDGMENT ON THE PLEADINGS

Colonial seeks dismissal of Counts III and IV[2] pursuant to Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). The court must "accept all facts in the complaint as true and view them in light most favorable to the nonmoving party." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001); see also Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956)[3] ("the fact allegations of the complaint are to be taken as true, but those of the answer are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint"). To grant the motion, the moving party must be "entitled to judgment as a matter of law." Cannon, 250 F.3d at 1301.

A Rule 12(c) motion for judgment on the pleadings is guided by the same principles established to resolve a Rule 12(b)(6) motion to dismiss for failure to

---

[2] Colonial is not named as a defendant in the remaining three counts of the Amended Complaint.

[3] The Eleventh Circuit Court of Appeals has adopted as binding precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

state a claim upon which relief may be granted. See Hawthorne, 140 F.3d at 1370 (applying the outdated standard for motions to dismiss as set forth in Conley v. Gibson, 355 U.S. 41 (1957), to a Rule 12(c) motion for judgment on the pleadings). The United States Supreme Court in Bell Atlantic v. Twombly abandoned the framework established in Conley and determined that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requests more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (citations omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563 (2007). The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

The Supreme Court expanded on the Twombly standard when it decided Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), reiterating the Twombly determination that a claim is insufficiently pleaded if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." The Court further explained:

3

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

Iqbal, 556 U.S. at 678-79 (citation omitted). Accordingly, "the court must evaluate the Rule 12(c) motion in light of the Twombly [and Iqbal] standard," which "requires the court to examine and assume as true only the factual allegations set forth in the plaintiff's complaint to determine whether the undisputed factual allegations raise a plausible cause of action." Floyd v. Corder, No. 2:09-cv-916-TMP, 2010 WL 11520487, at *2-*3 (N.D. Ala. Dec. 6, 2010).

### A. FACTS

In her complaint, the plaintiff, Wendy Skinner, alleges that the Federal Emergency Management Agency ("FEMA") issued a flood insurance policy to insure her home on May 21, 2015. (Doc. 25, ¶¶ 19, 29; see also FEMA's Answer, doc. 48, ¶ 19). Colonial and FEMA identified the flood insurance policy as a Standard Flood Insurance Policy ("SFIP") issued by FEMA under the National

Flood Insurance Program ("NFIP"). (Doc. 31, ¶¶ 18-19; doc 48, ¶ 19).[4] The plaintiff paid all premiums owed on the policy.

---

[4] Furthermore, the plaintiff references her policy by number in her complaint. Previously, the policy was attached to a motion to dismiss filed by a former defendant in the above-styled action. (Doc. 2-2). Although it is clear to the court based on Colonial's and FEMA's Answers that the policy identified in the plaintiff's complaint is a SFIP, the policy attached to the previous motion to dismiss further lends definitive support that the policy is a SFIP.

An attachment to a Rule 12(b)(6) or Rule 12(c) motion may be properly considered part of the pleadings when resolving such a motion. The analysis in Horsley v. Feldt, 304 F.3d 1125 (11th Cir. 2002) is informative:

> Our Rule 12(b)(6) decisions have adopted the "incorporation by reference" doctrine, *see In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970 (9th Cir.1999), under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). "Undisputed" in this context means that the authenticity of the document is not challenged. *See, e.g., Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 16–17 (1st Cir. 1998); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Given that the operative rule language is identical and that the provisions serve the same purpose, we believe that the Rule 12(b)(6) incorporation by reference doctrine should apply in Rule 12(c) cases as well.

Horsley, 304 F.3d at 1134 (deciding that an attachment to an answer may be considered part of the pleadings when resolving a motion for judgment on the pleadings); see also Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340 n.12 (11th Cir. 2014) ("Wells Fargo filed the Business Account Agreement in support of its motion for judgment on the pleadings. The district court was under the impression that it could not consider the Business Account Agreement in ruling on the motion for judgment on the pleadings since the Agreement was not attached to the pleadings. But, on a motion for judgment on the pleadings, documents that are not a part of the pleadings may be considered, as long as they are central to the claim at issue and their authenticity is undisputed."); Future Fibre Tech. Pty. Ltd. v. Optellios, Inc., No. 2:08-cv-00600-UA-DNF, 2009 WL 10669938, at *3 (M.D. Fla. May 7, 2009) (citing Homart Dev. Co. v. Sigman, 868 F.2d 1556, 1561 (11th Cir. 1989)) ("when a plaintiff asserts a contract claim, the contract itself is properly considered as part of the pleadings and may be considered when deciding a 12(c) motion.").

Here, Wright National Flood Insurance Company ("Wright") attached a copy of the plaintiff's flood insurance policy issued by FEMA to its motion to dismiss. (Doc. 2-2). Upon review of the policy, it clearly is a Standard Flood Insurance Policy ("SFIP") under the National Flood Insurance Program ("NFIP"). The policy attached to the motion to dismiss contains the same policy number identified by the plaintiff in her complaint. The SFIP is central to plaintiff's

Later that year, on Christmas day, the plaintiff's home flooded and her personal belongings "were severely damaged as the result of" the flood and water intrusion. (Doc. 25, ¶ 23). After submitting her claim for benefits, Travis Allman, a claims adjustor for Colonial, contacted the plaintiff. FEMA admitted that Colonial "acted as an independent adjustor on [the] [p]laintiff's policy." (Doc. 48, ¶ 18). Allman represented to the plaintiff that the flood insurance policy would pay her claim, and he directed her to take an inventory of damaged belongings and to remove the damaged belongings from her home. The plaintiff was "repeatedly assured [that] she would be fully compensated for all personal property damaged or lost" because of the flood. (Doc. 25, ¶ 32). However, on February 25, 2016, Allman informed the plaintiff that she would not be reimbursed for the flood damage to her personal property. After communicating with other Colonial agents,

---

claim, and there can be no dispute as to its authenticity given (1) the matching numbers between the complaint and the attachment and (2) that the SFIP is codified by 44 C.F.R. Pt. 61, App. A(1). See Greer v. Owners Ins. Co., 434 F. Supp. 2d 1267, 1274 (N.D. Fla. 2006) (provisions of SFIP may not be altered, amended, or waived without "express written consent from the Federal Insurance Administrator").

Admittedly, the Eleventh Circuit has not directly addressed whether a court may consider a document referenced in the plaintiff's complaint and attached to a previous motion to dismiss filed by one defendant when resolving a current motion for judgment on the pleadings filed by a another defendant. However, given the spirit of Horsley and Perez, the court believes that the plaintiff's policy attached to Wright's motion to dismiss (doc. 2-2) may be properly considered part of the pleadings when resolving Colonial's motion for judgment on the pleadings. To hold otherwise would create an absurd result. If the policy attached to the motion to dismiss could have been properly considered when resolving that motion, there is no reason it cannot be considered now. The policy is what it is; the plaintiff referenced her policy by number in her complaint, and the policy attached to Wright's motion matches by number the policy referenced in the plaintiff's complaint. The policy has not changed from when Wright attached it to its motion to dismiss to now. However, to be clear, the court does not rely solely on the policy attached to Wright's motion to dismiss in finding that the pleadings establish the policy identified in the plaintiff's complaint is a SFIP.

the plaintiff "received [a] partial payment for her contents claim under the" flood insurance policy. (Doc. 25, ¶ 37).

## B. PROCEDURAL HISTORY

The plaintiff filed the original complaint in the above-styled action in the Circuit Court of Shelby County, Alabama, on December 14, 2016. Wright National Flood Insurance Company and Wright National Flood Insurance Services, LLC (collectively "Wright"), both former defendants, timely removed the complaint on January 20, 2017 (doc. 1), and contemporaneously filed a motion to dismiss (doc. 2).[5] Subsequently, the plaintiff filed an amended complaint on March 16, 2017. (Doc. 25). The amended complaint alleges five claims:

- Count I – Breach of Contract against FEMA and Wright;

- Count II – Breach of Good Faith and Fair Dealing against FEMA and Wright;

- Count III – Fraudulent Misrepresentation against FEMA, Colonial, and Wright;

- Count IV – Negligence and Wantonness against FEMA, Colonial, and Wright; and

- Count V – Negligence and Wantonness against only City of Pelham, Alabama ("Pelham").

---

[5] For the sake of clarity, the plaintiff sued Wright National Flood Insurance Company d/b/a Wright National Flood Insurance Services, L.L.C.. (Doc. 25, ¶ 2). In subsequent papers, Wright National Flood Insurance Services, LLC and Wright National Flood Insurance Company each appeared, asserting that they were the properly named defendants, not Wright National Flood Insurance Company d/b/a Wright National Flood Insurance Services, L.L.C. (Doc. 1, p. 1 n.1; doc. 30, p. 1).

Wright filed a combined motion to strike the amended complaint and motion to dismiss on March 30, 2017. (Doc. 30). Colonial filed an answer to the amended complaint the following day. (Doc. 31). On April 4, 2017, Pelham filed a motion to remand (doc. 33), and Wright again filed a motion to dismiss on April 6, 2017, submitting a consent order of dismissal (doc. 37). The court entered the consent order of dismissal and dismissed Wright from the above-styled action because Wright did not issue the subject policy to the plaintiff. (Doc. 38). On April 18, 2017, the court severed Count V and remanded that claim against Pelham to the Circuit Court of Shelby County, Alabama. (Doc. 44).

FEMA subsequently filed a joint motion to dismiss Counts II through IV and an answer on May 15, 2018. (Docs. 47, 48). The court granted the motion and dismissed Counts II through IV as to FEMA. (Doc. 51). The court explicitly noted that Count I remained pending against both FEMA and Colonial, and Counts II through IV remained pending against Colonial. (Id.). After referring FEMA and the plaintiff to mediation (doc. 65), the court granted FEMA's joint motion for voluntary dismissal (doc. 69) and dismissed the remaining claim against FEMA in Count I on February 7, 2018 (doc. 70).

Admittedly, the court is unclear whether the plaintiff asserts a claim against Colonial in each of the remaining counts. Although the relief sought in each count is directed generally to "defendants," (see doc. 25 ¶¶ 45, 51, 60, and 65), upon

8

closer review of the complaint, each count identifies specific defendants and alleges facts pertaining only to those specifically identified defendants. Therefore, the court believes that it was error to conclude that Counts I and II were brought against Colonial. Colonial is simply not a named defendant in Counts I and II. Based on the foregoing procedural history, only Counts III through IV remain pending against Colonial, the only remaining defendant.

## II. DISCUSSION

Colonial seeks to dismiss the state law claims raised in Counts III and IV, arguing that "all [state] law claims against an adjuster and adjusting company arising out of the handling of the flood loss claim are preempted and barred by federal law." (Doc. 54, p. 1). The plaintiff contends that Allman's actions and representations were "outside the 'course of adjusting the claim,'" relying on a deposition summary to "provide[] a factual context." (Doc. 61, ¶¶ 9, 11).[6] Specifically, the plaintiff asserts that Allman's directive to discard personal property damaged by the flood "was not made 'during the course of adjusting the claim.'" (Doc. 61, ¶ 11).

---

[6] The court notes that the plaintiff did "not undertake to address" the standard for judgment on the pleadings in her response because "[t]he court is well acquainted with the standard." (Doc. 61, ¶ 3). Clearly, however, it is not proper for the court to consider the summary of a deposition to place the pleadings into "context." The deposition is not part of the pleadings and cannot create "[a] fact issue." (Doc. 61, ¶ 8). Accordingly, the court does not consider the deposition summary in the analysis that follows when resolving Colonial's Rule 12(c) motion.

9

As previously discussed, the plaintiff's flood insurance policy is a SFIP issued by FEMA through the NFIP. The following passage from <u>Greer v. Owners Ins. Co.</u> regarding the NFIP and interpreting SFIPs is informative:

> The NFIP was established by Congress, through the National Flood Insurance Act ("NFIA") [42 U.S.C. §§ 4001, *et. seq.*], in order to make "flood insurance coverage available on reasonable terms and conditions to persons who have need for such protection." 42 U.S.C. § 4001(a). The Director of FEMA manages the program, controlling the payment or disallowance of all flood insurance claims. Claims are paid out of a National Flood Insurance Fund in the United States Treasury. 42 U.S.C. § 4017(a).
>
> . . .
>
> Generally, SFIP's should be interpreted in a fashion that ensures uniform interpretation throughout the country, avoiding state-to-state coverage variances. *Carneiro Da Cunha v. Standard Fire Ins. Co./Aetna Flood Ins. Program*, 129 F.3d 581, 584 (11th Cir. 1997); *Suopys v. Omaha Property & Casualty*, 404 F.3d 805, 809 (3d Cir. 2005). Moreover, under the Appropriations Clause of the United States Constitution, entitlement to payment under a SFIP must derive from a federal statute. *See Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 424, 110 S. Ct. 2465, 110 L. Ed. 2d 387 (1990). Thus, it is well established that SFIP contracts are interpreted using federal statutory and common law rather than state law, and states have no regulatory control over the NFIP. *Newton v. Capital Assurance Co., Inc.*, 245 F.3d 1306, 1309 (11th Cir. 2001)(citing *Carneiro Da Cunha v. Standard Fire Ins. Co./ Aetna Flood Ins. Program, supra,* 129 F.3d at 584); *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 267 (3d Cir. 2004); *Sodowski v. National Flood Ins. Program*, 834 F.2d 653, 655 (7th Cir. 1987); *West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978) . . . .

434 F. Supp. 2d 1267, 1274-75 (N.D. Fla. 2006). In other words, the principles of preemption apply. "A claim under state law is expressly preempted "when Congress has manifested its intent to preempt state law explicitly in the language of the statute." Shuford v. Fidelity Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1344 (11th Cir. 2007) (citing Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1122 (11th Cir. 2004)). Federal statutes and federal regulations equally preempt state law. Shuford, 508 F.3d at 1344 (citing Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 153 (1982)).

Furthermore, a SFIP, which must conform to federal regulation, contains express language indicating "a clear intent to preempt claims under state law." Shuford, 508 F.3d at 1344 (holding that state-law tort claim of bad faith was preempted by Article IX of the SFIP); see also Greer, 434 F. Supp. 2d at 1274 (provisions of SFIP may not be altered, amended, or waived without "express written consent from the Federal Insurance Administrator"). Specifically, Article IX of a SFIP provides: "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968,

as amended (42 U.S.C. §§ 4001, et seq.), and Federal common law."[7]  44 C.F.R. pt. 61, app. A(1), art. IX.

Under the National Flood Insurance Act of 1968 ("NFIA"), Congress intended federal common law and statutory law to preempt state law.  Specifically,

> upon the disallowance . . . [a] claim, . . . the claimant . . . may institute an action on such claim against . . . [the] insurer in the United States district court for the district in which the insured property or the major part thereof shall have been situated . . . .

42 U.S.C.A. § 4053 (West 2012).  "The language of the NFIA indicates that this Court may only review those cases that involve disputes in coverage, or breach of contract causes of action deriving from a denial of insurance claims."  Stapleton v. State Farm Fire & Cas. Co., 11 F. Supp. 2d 1344, 1346 (M.D. Fla. 1998).  In other words, "[s]ince Congress intended to choose such narrow language when it drafted the NFIA, neither language of the NFIA indicates that this Court may only review those cases that involve disputes in coverage, or breach of contract causes of action deriving from a denial of insurance claims."  Stapleton, 11 F. Supp. 2d at 1346-47;

---

[7] As additional definitive support, the policy attached to Wright's motion to dismiss (doc. 2-2) contains this exact provision, indicating that (1) FEMA did not alter, amend, or waive the provision before issuing the policy to the plaintiff and (2) the provision was in effect at the time of the plaintiff's casualty loss.  However, as discussed *supra* in note 3, the policy attached to Wright's motion to dismiss is not the dispositive basis for the court's holding today.  Based on Colonial and FEMA's Answers, it is clear to the court FEMA issued a SFIP to the plaintiff.  The court can reasonably conclude that preemptive language of Article IX was contained in the plaintiff's policy because the plaintiff has not affirmatively alleged that FEMA altered, amended, or waived Article IX of the SFIP and because the provision is a regulatory default that requires express permission to alter, amend, or waive.

see also Dubose v. State Farm Ins. Co., No. 06-0619-BH-B, 2007 WL 4463561, at *1-*2 (S.D. Ala. Dec. 14, 2007) (dismissing preempted fraud claim because it "arise[s] solely by virtue of [the adjustor's] conduct '[d]uring the course of adjusting the claim'"). Furthermore, "[i]n federal breach of contract actions where the contract is issued pursuant to the [NFIA,]" only pecuniary damages are recoverable, not personal damages such as emotional distress and mental anguish. Friedman v. S.C. Ins. Co., 855 F. Supp. Co. 348, 351 (M.D. Fla. 1994) ("Emotional distress damages are personal in nature, rather than pecuniary.").

Therefore, under the clear language of Article IX of the SFIP and 42 U.S.C. § 4053, any state common-law claims against an adjustor "arising from the handling of any claim" are preempted by federal common law and statutory law. The representations made by Allman did not occur until after the plaintiff began the process to make a claim. The court rejects any tenuous argument asserted by the plaintiff suggesting that Allman's representations were "not made 'during the course of adjusting the claim.'" (Doc. 61, ¶ 11). There is no pleaded factual basis for alleging that Allman was not acting in a manner "arising from handling of any claim." But for plaintiff's reaching out to make a claim, the plaintiff would not have spoken to Allman, who in turn made the representations she now complains of. Thus, the state-law claims asserted by the plaintiff in Counts III and IV against Colonial are preempted by federal law and are due to be dismissed.

## III. CONCLUSION

Accordingly, the Rule 12(c) motion for judgment on the pleadings is due to be GRANTED, and Counts III and IV are due to be DISMISSED WITH PREJUDICE. Because all claims against Colonial have been dismissed, and there are no other remaining claims, the above-styled case is due to be DISMISSED WITH PREJUDICE. An order of final judgment will be filed contemporaneously herewith.

DONE this 4th day of June, 2018.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE